# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL ACTION NO. 3:23-CR-0041-S |
| § | |
| GARRET ADAM MILLER § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Garret Adam Miller's Motion to Dismiss Indictment ("Motion") [ECF No. 16]. Having reviewed the Motion, the Government's Response to Motion to Dismiss ("Response") [ECF No. 20], Defendant's Reply to the Government's Response ("Reply") [ECF No. 23], the Government's Amended Response to Motion to Dismiss [ECF No. 28], Defendant's Amended Reply to the Government's Response ("Amended Reply") [ECF No. 33], the arguments of the parties at the August 25, 2023, hearing, and the applicable law, the Court **DENIES** the Motion.

## I. BACKGROUND

Defendant was originally indicted in the United States District Court for the District of Columbia for his role in the January 6, 2021, events at the United States Capitol. *See United States v. Miller*, No. 1:21-CR-0119-CJN-1 (D.D.C. Feb. 12, 2021), ECF No. 1. On January 20, 2021, agents executing a search warrant at Defendant's Richardson, Texas, home discovered a short-barreled rifle[1] in his closet. Resp. 1-2. Defendant and other witnesses confirmed the room in which the short-barreled rifle was found belonged to Defendant. *Id.* at 1. A record check revealed that the firearm was not registered, as required by the National Firearms Act ("NFA"). *Id.* at 2. As a result,

---

[1] A short-barreled rifle is a rifle having a barrel or barrels of less than 16 inches in length. 26 U.S.C. § 5845(a).

a grand jury indicted Defendant for possession of an unregistered firearm in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. *See* Indictment [ECF No. 1] 1.

Defendant does not dispute that the NFA requires that short-barreled rifles be registered. Mot. 5. However, he moves to dismiss the Indictment on the grounds that the relevant provisions of the NFA are unconstitutional under the Second Amendment. *Id.* at 1. Specifically, he challenges 26 U.S.C. § 5841, which governs the registration of firearms, § 5861(d), which outlaws the possession of an unregistered firearm, and § 5871, which sets the criminal penalty for possessing an unregistered firearm. Short-barreled rifles fall within the definition of the term "firearm" as it is used in each of the challenged provisions. 26 U.S.C. § 5845(a). The Court held a hearing on Defendant's Motion on August 25, 2023.

## II. ANALYSIS

Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v), Defendant moves to dismiss the Indictment on the ground that it "violates the Second Amendment by regulating conduct that falls within its protection." Mot. 5. "[A]n indictment premised on a statute that is unconstitutional must be dismissed." *United States v. Barber*, No. 4:20-CR-384-SDJ, 2023 WL 1073667, at *2 (E.D. Tex. Jan. 27, 2023) (citing *United States v. Brown*, 715 F. Supp. 2d 688, 689-90 (E.D. Va. 2010)); *see also United States v. Saleem*, No. 3:21-CR-00086-FDW-DSC, 2023 WL 2334417, at *2 (W.D.N.C. Mar. 2, 2023) (collecting cases standing for the proposition that a court may dismiss an indictment alleging a defendant violated an unconstitutional statute).

The Second Amendment states: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend. II. In 1939, the Supreme Court considered a Second Amendment challenge to the NFA brought by two defendants indicted for transporting an unregistered short-barreled shotgun. *United*

*States v. Miller*, 307 U.S. 174, 175-76 (1939). Rejecting the challenge, the Court held that absent "any evidence tending to show that possession or use of a [short-barreled shotgun] at this time has some reasonable relationship to the preservation or efficiency of a well regulated militia, we cannot say that the Second Amendment guarantees the right to keep and bear such an instrument." *Id.* at 178. Nearly seventy years later, in *District of Columbia v. Heller*, the Court put a finer point on *Miller*, stating that it read "*Miller* to say only that the Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes, such as short-barreled shotguns." 554 U.S. 570, 625 (2008). According to the *Heller* Court, "[t]hat [interpretation] accords with the historical understanding of the scope of the right." *Id.* Under *Miller* and *Heller*, the Second Amendment protects arms "in common use at the time" but does not protect "dangerous and unusual weapons." *Id.* at 627 (citation omitted).

Despite acknowledging this clear precedent, and even arguing at the hearing that short-barreled shotguns and short-barreled rifles should be considered the same under the Second Amendment, Defendant contends that the holding in *Heller* is "in doubt" following the Supreme Court's recent decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). Mot. 7. In *Bruen*, the Supreme Court rejected the means-end scrutiny that courts had previously relied upon and instead clarified the framework set forth in *Heller* for determining whether firearms regulations are "consistent with the Second Amendment's text and historical understanding," and thus constitutional. 142 S. Ct. at 2129, 2131. The proper framework is as follows: "When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2129-30. Contrary to Defendant's assertion, *Bruen* did not cast doubt on *Heller*; instead, the

Supreme Court noted that it was applying "the test that [it] set forth in *Heller*" and making "the constitutional standard endorsed in *Heller* more explicit." *Id.* at 2131, 2134; *see also Saleem*, 2023 WL 2334417, at *7 ("*Bruen* did not overturn the[] holdings [in *Miller* and *Heller*]; rather, it quoted, explained, re-affirmed, and then applied them." (citation omitted)). The Court will consider Defendant's Motion under the framework developed in *Heller* and later clarified in *Bruen*.

The Court turns now to the first step of the *Bruen* framework. The threshold question—whether the Second Amendment's plain text applies to the conduct at issue—has three subparts. First, courts must ask whether the individuals challenging the law "are part of 'the people' whom the Second Amendment protects." *Bruen*, 142 S. Ct. at 2134 (citation omitted). Second, courts must determine whether the weapon at issue is "'in common use' today for self-defense." *Id.* (citation omitted). Third, courts must analyze whether the Second Amendment protects the "proposed course of conduct." *Id.*; *see also United States v. Alaniz*, 69 F.4th 1124, 1128 (9th Cir. 2023) ("*Bruen* step one . . . requires a textual analysis, determining whether the challenger is part of the people whom the Second Amendment protects, whether the weapon at issue is in common use today for self-defense, and whether the proposed course of conduct falls within the Second Amendment." (cleaned up)); *United States v. Rahimi*, 61 F.4th 443, 454 (5th Cir.) (analyzing whether firearms at issue were in common use at the first step of the *Bruen* analysis), *cert. granted*, 143 S. Ct. 2688 (2023).

Neither party disputes that Defendant is part of "the people" protected by the Second Amendment. But unlike the parties in *Bruen*, the parties in this case hotly dispute whether short-barreled rifles "are weapons 'in common use' today for self-defense." 142 S. Ct. at 2134. Defendant argues that short-barreled rifles are currently in common use for self-defense because: (1) there are approximately 532,000 registered short-barreled rifles in the United States; (2) a short-

4

barreled rifle may be used for self-defense; and (3) most crimes are committed with handguns, not short-barreled rifles. Reply 2 (citation omitted). These arguments "run[] smack into *Heller*'s finding that [short-barreled shotguns] are not" commonly used for self-defense.[2] *United States v. Rush*, No. 22-CR-40008-JPG, 2023 WL 403774, at *3 n.2 (S.D. Ill. Jan. 25, 2023); *see also United States v. Jennings*, 195 F.3d 795, 799 n.4 (5th Cir. 1999) (noting Congress's "specific declaration and finding that . . . short-barreled rifles are primarily weapons of war and have no appropriate sporting use or use for personal protection." (citation omitted)).

At the hearing, Defendant advanced an additional argument in support of his position that short-barreled rifles are in common use. Citing the Fifth Circuit's recent decision in *Mock v. Garland*, he argued that because the Bureau of Alcohol, Tobacco, Firearms and Explosives published a Final Rule classifying many pistols or handguns with stabilizing braces as short-barreled rifles, short-barreled rifles are now more common than ever before. 75 F.4th 563, 567 (5th Cir. 2023). But *Mock* did not involve a Second Amendment challenge and did not purport to undermine *Heller*. *See id.* at 586 n.59 (declining to reach constitutional claims). Moreover, the *Mock* court held that "[t]he Final Rule . . . must be set aside as unlawful or otherwise remanded for appropriate remediation," which undermines any argument predicated on the Final Rule. *Id.* at 586. Therefore, this argument does not impact the Court's analysis.

Additional support exists for the proposition that short-barreled rifles are not "typically possessed by law-abiding citizens for lawful purposes" and thus are not protected by the Second Amendment. *Heller*, 554 U.S. at 625. The NFA regulates "firearms," as defined therein. *Mock*,

---

[2] Though the Court expresses no opinion on whether short-barreled rifles and short-barreled shotguns should be considered the same for Second Amendment purposes, Defendant advanced this argument, as noted above. *See also Firearms Regul. Accountability Coal., Inc. v. Garland*, No. 1:23-CV-024, 2023 WL 5942365, at *5 (D.N.D. Sept. 12, 2023) (noting that "[f]ederal courts have extended [*Heller*'s] analysis [of short-barreled shotguns] to short-barreled rifles" (citation omitted)).

5

75 F.4th at 567-68 (citation omitted). Short-barreled rifles are firearms under the NFA. 26 U.S.C. § 5845(a). "[T]he NFA's object was to regulate certain weapons likely to be used for criminal purposes, just as the regulation of short-barreled rifles, for example, addresses a concealable weapon likely to be so used." *United States v. Thompson/Ctr. Arms Co.*, 504 U.S. 505, 517 (1992); *see also Mock*, 75 F.4th at 567 ("[T]he NFA was designed to target [weapons] that are 'especially dangerous and unusual.'" (citation omitted)).

Thus, short-barreled rifles are not in common use and instead are subject to "the historical tradition of prohibiting the carrying of 'dangerous and unusual weapons.'" *Heller*, 554 U.S. at 627. The Supreme Court has repeatedly held that such weapons are not protected by the Second Amendment. *Id.*; *Bruen*, 142 S. Ct. at 2128; *see also Mock*, 75 F.4th at 596 (Higginson, J., dissenting) ("[T]he Supreme Court's more recent decision in *Bruen* left *Heller*'s dangerous-and-unusual carveout intact." (citation omitted)); *United States v. Holton*, 639 F. Supp. 3d 704, 709 (N.D. Tex. 2022) ("The Supreme Court in *Bruen* and *Heller* confirmed that [weapons likely to be used for criminal purposes] are not protected under the Second Amendment." (citation omitted)); *United States v. Sredl*, No. 3:22-CR-71 RLM-MGG, 2023 WL 3597715, at *3 (N.D. Ind. May 23, 2023) ("Whatever changes [*Bruen*] brought to the Second Amendment landscape, inclusion of dangerous and unusual weapons in the Second Amendment right isn't one such change."). Because short-barreled rifles are not in common use for self-defense today, the Court concludes that the plain text of the Second Amendment does not protect Defendant's alleged conduct—possession of an unregistered short-barreled rifle.[3] The Court could end its analysis here, as it need not proceed

---

[3] In the Amended Reply, Defendant relies on Ninth Circuit precedent to argue that the Government bears the burden of proof to establish that short-barreled rifles are dangerous and unusual at the second step of the *Bruen* analysis. *See* Am. Reply 1 (citing *Teter v. Lopez*, 76 F.4th 938, 950 (9th Cir. 2023)). Even if the Court relied on *Teter* as persuasive precedent, the Court would find that the Government has carried its burden for the reasons set forth above.

to the second step when the Second Amendment's plain text does not cover an individual's conduct.

Defendant, apparently proceeding to the second step of the *Bruen* analysis, argues that short-barreled rifles were not considered dangerous and unusual at the time of the Second Amendment's enactment. Mot. 8. This argument both disregards the *Bruen* Court's focus on whether weapons are in common use today and muddles the first and second steps of the *Bruen* analysis. In analyzing the validity of handgun regulations, the *Bruen* Court first held that handguns are indisputably in common use today for self-defense. 142 S. Ct. at 2134.

Moving to the second step and analyzing the Government's proffered historical analogues, the Court reiterated that "[w]hatever the likelihood that handguns were considered 'dangerous and unusual' during the colonial period, they are indisputably in 'common use' for self-defense today." *Id.* at 2143. "Thus . . . colonial laws prohibit[ing] the carrying of handguns because they were considered 'dangerous and unusual weapons' . . . provide no justification for laws restricting the public carry of weapons that are unquestionably in common use today." *Id.* The Court finds that the inverse is also true. Even if short-barreled rifles were not historically considered dangerous and unusual, the fact that they are dangerous and unusual today is dispositive in light of *Heller*'s holding that under the "historical understanding of the scope of the [Second Amendment] right," weapons that are "not typically possessed by law-abiding citizens for lawful purposes" are not protected. 554 U.S. at 625; *see also Sredl*, 2023 WL 3597715, at *4 ("The very limitation on dangerous and unusual weapons is a historically sound firearm regulation, so the government doesn't need more proof of analogous regulations."). Nonetheless, the Court will briefly consider Defendant's historical argument.

7

In the Motion, Defendant points to the blunderbuss, "a predecessor of the shotgun," as a historical comparator. Mot. 8. Defendant argues that many versions of the blunderbuss "would qualify as short-barrel firearms." *Id.* But the blunderbusses cited by Defendant appear to be weapons carried by British troops, not American troops. *See id.* (referring to "***English*** blunderbuss[es]" and discussing a weapon that "persisted ***in England*** into the early 1700s" (emphases added)). Defendant does not argue that these British weapons were historically commonly used in the United States. *See Saleem*, 2023 WL 2334417, at *6 n.2 (noting that "American Blunderbusses . . . featured a barrel length of 25 ¾ inches and an overall length of 40 ⅞ inches, or a barrel length of 21 ⅞ inches and an overall length of 37 ½ inches" and thus were not short-barreled weapons). Moreover, many of the blunderbusses identified by Defendant had barrel lengths over 16 inches; as such, they are not analogous to short-barreled rifles. *See* Mot. 8 (discussing a version of a blunderbuss with a barrel length of 19 ⅞ inches and noting that others had barrel lengths ranging up to 22 ⅞ inches); 26 U.S.C. § 5845(a)(3)-(4) (defining a short-barreled rifle as a rifle having a barrel of less than 16 inches in length or a weapon made from a rifle with an overall length of less than 26 inches or a barrel or barrels measuring less than 16 inches). Finally, the mere fact that these blunderbusses existed does not establish that they were in common use.

In another belated attempt to circumvent *Heller*, at the August 25, 2023, hearing, Defendant submitted as Exhibit A pages from the Complaint in *Texas v. Bureau of Alcohol, Tobacco, Firearms & Explosives* depicting various historical firearms. *See* No. 6:23-CV-0013 (S.D. Tex. Feb. 9, 2023), ECF No. 1. The Complaint states that the photographs depict both "short-stocked pistols" and "short-barreled rifles." *Id.* ¶ 292. Based on the photographs' labels, most of the weapons depicted are pistols (along with one grenade launcher). *Id.* ¶ 293. The only weapon depicted that may be comparable to a short-barreled rifle is British, and it is unclear whether it was

8

commonly used in the United States. *See id.* (citing An 18th Century Flintlock Blunderbuss by Twigg, London, HANSORD ANTIQUE FURNITURE & WORKS OF ART, https://hansord.com/weapons/an-18th-century-flintlock-blunderbuss-by-twigg-london). Others are not from the founding era and were used in *Texas* as evidence that "[s]uch weapons continued . . . through the incorporation of the Fourteenth Amendment." *Id.* ¶ 294 (citing, among others, Lot 3132: Austrian Flintlock Cavalry Carbine, ROCK ISLAND AUCTION CO., https://www.rockislandauction.com/detail/73/3132/austrian-flintlock-cavalry-carbine).

Defendant's historical arguments do not alter the Court's conclusion that short-barreled rifles are dangerous and unusual weapons. Thus far, every district court to consider this issue in the wake of *Bruen* has reached the same conclusion. *See, e.g., United States v. Danielson*, No. 22-00299 (MJD/LIB), 2023 WL 5288049, at *4-5 (D. Minn. Aug. 17, 2023) (upholding constitutionality of 26 U.S.C. §§ 5841, 5845, 5861(d), and 5871 in case involving possession of unregistered short-barreled rifle); *United States v. Royce*, No. 1:22-CR-130, 2023 WL 2163677, at *3 (D.N.D. Feb. 22, 2023) ("With these[] principles established by *Miller, Heller, McDonald,* and *Bruen* in mind, the Court concludes that short-barrel rifles fall within the historical tradition which prohibits the carrying of dangerous and unusual weapons."); *Rush*, 2023 WL 403774, at *3 ("*Bruen* had no impact on the constitutionality of regulating the receipt or possession [of] an unregistered short-barreled rifle."). *Cf. Saleem*, 2023 WL 2334417, at *7 ("The Supreme Court has expressly and repeatedly held that short-barreled shotguns do not fall within the scope of the Second Amendment's protections.").

For the reasons set forth above, the Court holds that the offense with which Defendant is charged does not infringe on his constitutional right to keep and bear arms as recognized by the

9

Second Amendment and that the statutes under which Defendant has been charged are constitutional.

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion to Dismiss Indictment [ECF No. 16].

**SO ORDERED.**

SIGNED September 27, 2023.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**